By the Court,
Monell, J.
At the time this contract was made, there were in the market two prices for alcohol; the “ short price,” being alcohol purchased for exportation, and the “long price,” purchased for domestic consumption. Under the act of congress of July 1st, 1862, alcohol sold for exportation, being entitled to a drawback of duties, was in effect duty free.
The contract between the parties was a sale and purchase *579 of 250 barrels of alcohol, to be deliverer! on board of vessel under the tax law, from the 20fch to the 31st of August, 1862, duty paid. The evidence shows that the parties understood the meaning of the words “ under the tax law” in the contract to be, that the alcohol was to be manufactured under the tax law then in existence, and which by its terms was to go into effect on the 1st of August. And they also understood that the words had reference to the “short price” article.
By a provision of the tax law the secretary of the treasury was authorized to suspend its operation. He did suspend it until the 1st of September. The effect of such suspension was to subject alcohol manufactured before the law went into operation to the duty imposed upon that article; in other words, alcohol not manufactured under the law.
I have no doubt, from the evidence, that both parties contemplated the influence.of the tax law upon their contract, and that the price agreed upon was regulated by the belief that the alcohol would be deliverable after the law would take effect, and would therefore be duty free. The suspension of the operation of the law to a period subsequent to the time of delivery, rendered it impossible to perform the contract without subjecting the seller to severe loss.
But it is urged that it was impossible to deliver at all, and that the defendants were thereby excused from performance. The performance of a contract is excused, when it has become impossible by the act of Grod, or of the law. In all other cases of failure to perforrh, from whatever cause, the defaulting party is amenable in damages.
One of the defendant’s witnesses says there were two different kinds of alcohol; the short price and the long price ; but he did not, mean, I think, that there was any physical difference, in quality, but a difference merely in the price of the same article, regulated by its being purchased for exportation or for home consumption. Alcohol of a designated quality is the same, "whether “long price” or “short price and these designations, employed in trade, to denote articles of a kind *580 designed for exportation, and others intended for domestic use, do not change or alter the article in its physical nature.
- The cases where the act of the law excuses performance, or those where the law renders it impossible to perform ; as where a contract is made with the state .to do work on the canal, arid the work is suspended by the act of the legislature, full performance is excused, and a recovery may be had upon the quantum meruit. (Jones v. Judd, 4, Comst. 411.) But I am not aware of any case, where there was no physical impossibility to perform, that it has been held that the party was excused. If the defendants had been prevented from delivering, or if the delivery had become illegal by the act of the law, it would furnish an excuse. In this case, however, the act of the secretary of the treasury in suspending, the operation of the tax law, neither prevented the delivery of the alcohol, nor rendered its delivery illegal. And I can see no reason for not delivering, except the pecuniary loss to the defendants.
As I understand the argument of the defendants' counsel, he claims that inasmuch as-they agreed to deliver alcohol to be manufactured under the law, and the law having been postponed to a period beyond the stipulated time of delivery, it was impossible to deliver alcohol manufactured under the law. I cannot appreciate the force of the argument. The contract was made after the passage of the excise act, when its provisions were known to the contracting parties. The act was to take effect on the 1st of August, Unless its operations were suspended by the-secretary of the treasury. It was in the power of the defendants to have provided, by proper stipulations, for the contingency of a suspension of the law even for an indefinite period, ánd to have relieved themselves from liability if the contingency happened.- The possibility of a suspension of the law should have been foreseen and provided1 against. The power or authority to suspend was in the act and known to the defendants when they entered into the engagement.
The defendants entered into their contract without any qualification or exception, and it seems to me they must abide, by it and either do the act or pay damages. It was not im *581 possible to deliver alcohol of the quantity and quality mentioned in the contract; and whether manufactured under the law, (by which I understand manufactured after the tax law took effect,) which was for the advantage of the sellers, or manufactured before the law was in operation, the quantity and quality of the alcohol which the defendants had sold, could have been delivered.
The plain English of the contract is, we agree to sell you alcohol, which we intend to manufacture after the 1st of August, when we expect the new tax law will go into operation, which alcohol we will deliver between the 20th and 31st of August. The tax law did not go into effect as was supposed. I cannot, see any difficulty in the way of the defendants manufacturing the alcohol after the first of August and delivering in fulfillment of their contract. That it could not be manufactured under the law was not such a legal impossibility as would excuse performance. Suppose goods are sold to arrive, duty to be paid by the seller, would a subsequent increase of duty excuse, performance ? Or, suppose goods are sold to be delivered on a given day under the present excise law, would an intermediate increase of the tax affect the obligation of the contract ? I think in neither case would performance be excused, for the reason that performance was possible.
I think the exceptions should be overruled and a judgment ordered for the plaintiffs upon the verdict.